**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TRUSTEES OF THE SHEET METAL WORKERS INTERNATIONAL ASSOCIATION LOCAL 27 ANNUITY, HEALTH & WELFARE, EDUCATION, and UNEMPLOYMENT FUNDS for and on behalf of themselves and said FUNDS; THE BOARD OF TRUSTEES; and SHEET METAL WORKERS INTERNATIONAL ASSOCIATION LOCAL UNION 27<br><br>      Plaintiffs,<br><br>  v.<br><br>KIMS MECHANICAL, LLC,<br><br>      Defendant. | No. 1:20-cv-14738-NLH-KMW<br><br>**OPINION** |

**APPEARANCES**:

W. DANIEL FEEHAN, III
O'BRIEN BELLAND & BUSHINSKY, LLC
509 S. Lenola Road
Building 6
Moorestown, NJ 08057

*On behalf of Plaintiffs.*

**HILLMAN**, District Judge

   This matter comes before the Court on Plaintiffs, Trustees of the Sheet Metal Workers International Association Local 27 Annuity, Health & Welfare, Education, and Unemployment Funds ("the Trustees"), Board of Trustees, and Sheet Metal Workers International Association Local Union 27's (the "Union")

(collectively "Plaintiffs") motion for default judgment, filed pursuant to Fed. R. Civ. P. 55(b)(2).  For the reasons expressed below, Plaintiffs' motion will be granted.

## BACKGROUND

The Trustees are fiduciaries of the Sheet Metal Workers International Association Local 27 Annuity, Health & Welfare, Education, and Unemployment Funds (the "Funds") within the meaning of 29 U.S.C. § 1002(21)(A).  The Funds represent trust funds established and maintained pursuant to section 302(c)(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5), as well as multi-employer benefit funds established and maintained pursuant to sections 3(1), (2), and (3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1), (2) and (3), which provide benefits to eligible participants.

Pursuant to a collective bargaining agreement with the Union, Defendant, Kims Mechanical, LLC ("Defendant"), was required to make timely contributions to the Funds on behalf of eligible beneficiary employees.  (ECF No. 8-1.)  Plaintiffs allege that from December 2019 to March 2021 Defendant failed to make required payments, resulting in $8,381.52 of delinquent contributions.  (ECF No. 8-1, ¶ 9.)  To date, Defendant still has not paid this delinquency.  (ECF No. 1, ¶ 21.)

On October 21, 2020, Plaintiffs filed a Complaint against Defendant, alleging failure to remit contributions due under the collective bargaining agreement in violation of section 515 of ERISA, 29 U.S.C. § 1145, (ECF No. 1, ¶ 23), and failure to remit dues check-offs.  (Id. ¶ 28.)  On October 29, 2020, Plaintiffs filed an executed Summons and Complaint, showing that Defendant was served on October 22, 2020.  (ECF No. 4.)  Defendant has not responded to the Complaint.

On December 16, 2020, Plaintiffs filed a request for default, (ECF No. 5), which the Clerk entered on December 17, 2020.  On October 22, 2021, Plaintiffs filed the presently pending motion for default judgment.  (ECF No. 8.)  Plaintiffs' motion seeks unpaid benefit contributions, interest, liquidated damages, attorney's fees and costs, dues check-offs, and an Order from this Court directing Defendant to specifically perform all of its collective bargaining agreement obligations.  (Id.)  Defendant has not responded to this motion or made any appearance.

## DISCUSSION

### I. Subject Matter Jurisdiction

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## II.   Legal Standard for Motion for Default Judgment

Pursuant to Federal Rule of Civil Procedure 55(b)(2), courts may enter a default judgment against a properly served defendant who fails to plead or otherwise defend an action. Chanel v. Gordashevsky, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing Anchorage Assocs. v. V.I. Bd. of Tax Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990)).  The decision to enter a default judgement is left to the discretion of the district courts; however, the Third Circuit has stated its "preference that cases be disposed of on the merits whenever practicable." Hritz v. Woma Corp., 732 F.2d 1178, 1180-81 (3d Cir. 1984).

In assessing a motion for default judgment, courts should accept as true all well-pleaded factual allegations — other than those regarding damages — but should not accept a plaintiff's legal conclusions. Dempsey v. Pistol Pete's Beef N Beer, LLC, No. 08-5454, 2009 WL 3584597, at *3 (D.N.J. Oct. 26, 2009). Three factors guide whether a default judgement should be granted: (1) prejudice to the plaintiff if the default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether the defendant's delay is due to culpable conduct. Chaberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).  However, before determining whether a plaintiff is entitled to default judgment, courts must first review whether:

(1) there is sufficient proof of service, Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985), and (2) the complaint demonstrates a valid cause of action. Richardson v. Cascade Skating Rink, No. 19-08935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020).

**III. Analysis**

In this case, all relevant criteria weigh in favor of granting Plaintiffs' motion for default judgment. First, as noted above, before a court can enter default judgment against a defendant, it must find that process was properly served on the defendant. Gold Kist, 756 F.2d at 19. Defendant, Kims Mechanical, LLC, is a limited liability company, which "must be served by 'delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.'" Cerrato v. Seaboard Corp. Servs., No. 19-9448, 2020 WL 2559535, at *1 (D.N.J. May 20, 2020) (quoting Fed. R. Civ. P. 4(h)(1)(B)). Dave Patterson, a managing agent of Defendant, was personally served on October 22, 2020. (ECF No. 4.) Process was thus properly effectuated.

The Court next holds that the Complaint states a valid cause of action. Plaintiffs assert that Defendant violated section 515 of ERISA, 29 U.S.C. § 1145, when it failed to remit contributions as required by the collective bargaining

agreement, (ECF No. 1, ¶¶ 17, 23), and that it also failed to pay dues check-offs. (Id. ¶ 27.)  Section 1145 of ERISA "requires an employer to contribute to a multiemployer benefit plan in accordance with the 'terms and conditions' set forth in the collective bargaining agreement." Cent. Pa. Teamsters Pension Fund v. McCormick Dray Line, Inc., 85 F.3d 1098, 1111 (3d Cir. 1996) (quoting 29 U.S.C. § 1145) (Aldisert, J. dissenting).  Plaintiffs here have sufficiently pled that Defendant entered into a collective bargaining agreement with the Union, that it failed to remit contributions for the period December 2019 to March 2021, and that it failed to pay dues check-offs for that same period.  (ECF No. 1.)  Assuming the Complaint's allegations to be true, the Court holds that Plaintiffs have stated a legitimate cause of action.

The Court next turns to the three factors for assessing whether default judgment should be entered.  With respect to the first factor, "[b]ecause delinquent contributions can negatively impact the Plaintiffs' ability to pay their beneficiaries [] Plaintiffs would be prejudiced if default judgment was not entered in their favor." Int'l Union of Painters and Allied Trades Dist. Council 711 Health & Welfare, Vacation, and Apprentice Funds v. Integrity Constr., No. 06-2645, 2007 WL 777592, at *2 (D.N.J. Mar. 9, 2007).  Plaintiffs also "have been unable to move forward with their claims" during the almost

sixteen months since Defendant was served representing further prejudice.  Trustees of Int'l Union of Painters and Allied Trades District Council 711 Health & Welfare Fund v. Danco Painting, LLC, 1:17-CV-05739, 2021 WL 3674353, at *3 (D.N.J. Aug. 19, 2021).

Second, the Court holds that Defendant has failed to put forward any meritorious defenses which would caution against default judgment.  A "meritorious defense" is a defense which, if established at trial, would completely bar a plaintiff's recovery.  Foy v. Dicks, 146 F.R.D. 113, 116 (E.D. Pa. 1993).  "Because Defendant did not respond, the Court cannot determine whether Defendant had any meritorious defenses."  Teamsters Health & Welfare Fund of Philadelphia and Vicinity v. Dubin Paper Co., No. 11-7137, 2012 WL 3018062, at *4 (D.N.J. July 24, 2012).

Third, the Court holds that Defendant's failure to respond demonstrates culpability in its default.  See Slover v. Live Universe, Inc., No. 08-02645, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009) (A defendant is "presumed culpable where it has failed to answer, move, or otherwise respond.")

Since all three factors weigh against Defendant, the Court finds that Plaintiffs are entitled to default judgment.

**A. Damages**

Having determined that Plaintiffs will be granted default judgment, the Court must next assess damages. On a motion for default judgment, allegations pertaining to damages are not assumed to be true. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). As such, a district court "may conduct such hearing or order such references as it deems necessary and proper" in order "to determine the amount of damages." Fed. R. Civ. P. 55(b)(2). However, if the damages are for a "sum certain or for a sum which can by computation be made certain," further evidentiary inquiry is not necessary. Fed. R. Civ. P. 55(b)(1); Comdyne I, 908 F.2d at 1149.

Here, the Court has sufficient evidence to compute the appropriate amount of damages. Plaintiffs seek a total award of $12,123.09, which includes $8,381.52 in unpaid contributions, $265.41 of interest, $1,061.66 in liquidated damages, $2,052.00 in attorney's fees, and $362.50 in costs. (ECF No. 8-1.) These types of damages are appropriate in an action for violation of 29 U.S.C. § 1145. See 29 U.S.C. § 1132(g)(2). The Court finds, however, that unpaid contributions were not correctly calculated. Plaintiffs calculated delinquent contributions based on the Union's "taxable wage" rate of $49.89 per hour, but the Complaint's allegations do not allege unpaid wages, only unpaid contributions. (ECF No. 1, ¶ 19-20.) Thus, delinquent

contributions should have been calculated based on the respective Funds' contribution rates, which total $26.25 per hour.[1]  Based on 168 hours of work, (see ECF No. 8-6), unpaid contributions amount to $4,410.

This error affects the interest and liquidated damages calculations, as both are based on the amount of unpaid contributions.  According to the "Policy for Collection of Delinquent Contributions," interest is calculated at two percent of unpaid contributions per month, while liquidated damages is calculated at two percent of unpaid contributions per month for each fund.[2]  (ECF No. 8-4.)  Accordingly, interest and liquidated damages are $139.65 and $558.60, respectively.[3]

Finally, Plaintiffs also seek their reasonable attorney's fees and costs.  Pursuant to 29 U.S.C. § 1132(g)(2)(D), the

---

[1] The health & welfare fund rate is $14.50 per hour, the annuity fund rate is $9.00 per hour, the supplemental unemployment benefit fund rate is $1.00 per hour, and the education fund rate is $1.75 per hour.  (ECF No. 8-6.)

[2] These percentages comply with ERISA guidelines, which state that "interest on unpaid contributions shall be determined by using the rate provided under the plan," and that "liquidated damages provided for under the plan" shall not be "in excess of 20 percent . . . of the [unpaid contribution] amount."  U.S.C. § 1132(g)(2).  Here, the liquidated damages provided under the plan, $558.60, is only 12.67 percent of the unpaid contribution amount.

[3] In calculating these numbers, the Court used the same formula as Plaintiffs, (see ECF No. 8-7), but inputted the correct unpaid contribution amount.

Court will award attorney's fees and costs for actions brought to enforce 29 U.S.C. § 1145 of ERISA.  The starting point for a court's determination of reasonable attorney's fees is the lodestar calculation, which is the reasonable number of hours expended on the litigation multiplied by a reasonable hourly rate.  United Auto. Workers Local 259 Soc. Sec. Dept. v. Metro Auto Ctr., 501 F.3d 283, 290 (3d Cir. 2007).  Requests for fees must also be accompanied by "fairly definite information" as to how hours were devoted. Id. at 291 (quoting Evans v. Port Auth., 273 F.3d 346, 361 (3d Cir. 2001)).

   Plaintiffs assert that their fees totaled $2,052.00 and their costs totaled $362.50.  (ECF No. 8-1, ¶ 15.)  Plaintiffs had one attorney and one paralegal working on this case for a period of 21 hours, billing at $225.00 per hour and $90.00 per hour, respectively. (ECF No. 8-8.)  While Plaintiffs do not provide backup supporting the proposition that their hourly rate is reasonable, the Court finds that it conforms with market rates in the region. See Connor v. Sedgwick Claims Mgmt. Servs., Inc., 2012 WL 608483, at *5 (D.N.J. Feb. 23, 2012) (finding an hourly rate of $250 to be reasonable in the southern New Jersey area).[4]  Ultimately, the Court finds that these hours and fees

---

[4] The Court also finds instructive the rate schedule set forth by Community Legal Services of Philadelphia ("CLS"), which this Court has looked to for guidance in the past. Attorney Fees, CLS, https://clsphila.org/about-community-legal-

are reasonable, see Teamsters Health & Welfare Fund, 2012 WL 3018062, at *5; see also Trustees of Int'l Union of Painters, 2021 WL 3674353, at *5, and were sufficiently described for the Court to evaluate them.  (See ECF No. 8-8.)

Plaintiffs' counsel claims that total costs, which primarily consist of filing fees and service fees, amount to $362.50.  (ECF No. 8-8.)  The Court finds that these costs are reasonable and should be awarded to Plaintiffs.

Thus, attorney's fees in the amount of $2,052.00 and costs in the amount of $362.50 will be awarded to Plaintiffs and included in damages.

**IV. Conclusion**

For the foregoing reasons, the Court grants Plaintiffs' motion for default judgment and awards a default judgment of $7,522.75.  This amount includes $4,410 in unpaid benefit fund contributions, $139.65 of interest, $558.60 in liquidated damages, $2,052.00 in attorney's fees, and $362.50 in costs.

An accompanying Order and Judgment will follow.

Date: February 14, 2022            /s Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

---

services/attorney-fees/ (last visited Nov. 8, 2021) (setting attorney's fees for an attorney with 2-5 years of experience, which appears to be at least the experience that Plaintiffs' lawyers had, between $230 and $275 per hour); see Bilazzo v. Portfolio Recovery Assocs., LLC, 876 F. Supp. 2d 452, 470 (D.N.J. 2012) (holding that the CLS was a helpful metric in setting fee rates).