[ECF No. 17]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **TRUSTEES OF THE SHEET METAL WORKERS INTERNATIONAL ASSOCIATION LOCAL 27 ANNUITY FUND et al.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**KIMS MECHANICAL, L.L.C.,**<br><br>**Defendant.** | **Civil No. 20-14738 (NLH/SAK)** |

**OPINION AND ORDER**

This matter is before the Court on the Motion to Compel Discovery [ECF No. 17] filed by Plaintiffs Trustees of the Sheet Metal Workers International Association Local 27 Annuity, Health & Welfare, Education, and Unemployment Funds (the "Funds"), Board of Trustees, and Sheet Metal Workers International Association Local Union 27 (the "Union") (collectively, "Plaintiffs"). No opposition has been filed. The Court exercises its discretion to decide Plaintiffs' motion without oral argument. *See* Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed, Plaintiffs' motion is **GRANTED**.

**I.    BACKGROUND**

Plaintiffs filed this action on October 21, 2020 against Defendant Kims Mechanical, L.L.C. alleging (1) failure to remit contributions due under the parties' collective bargaining agreement in violation of section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"),

29 U.S.C. § 1145, and (2) failure to remit dues checkoffs. *See generally* Compl. [ECF No. 1]. On October 29, 2020, Plaintiffs filed an executed Summons and Complaint [ECF No. 4], showing that Defendant was served on October 22, 2020 and that its response was due by November 12, 2020. Defendant did not move or otherwise respond to the complaint. On December 16, 2020, Plaintiffs filed a request for default [ECF No. 5], which the Clerk entered on December 17, 2020.

On October 22, 2021, Plaintiffs filed a motion for default judgment seeking unpaid benefit contributions, interest, liquidated damages, attorneys' fees and costs, dues checkoffs, and an order directing Defendant to perform its obligations under the parties' collective bargaining agreement. *See* Pls.' Mot. for Default J. [ECF No. 8]. On February 14, 2022, the Honorable Noel L. Hillman, U.S.D.J., granted Plaintiffs' motion and entered judgment in its favor in the amount of $7,522.75. *See* Op. [ECF No. 10]; Order [ECF No. 11]; J. [ECF No. 12]. Specifically, judgment was entered in favor of Plaintiffs, and against Defendant, in the amount of $4,410.00 in unpaid benefit fund contributions, $139.65 in interest, $558.60 in liquidated damages, $2,052.00 in attorneys' fees, and $362.50 in costs. *See* J., Feb. 14, 2022. To date, Defendant Kims has not made an appearance in any capacity in the case.

On April 25, 2022, Plaintiffs "served Defendant Kims with an Information Subpoena by regular and certified mail." Feehan Cert. ¶ 6 [ECF No. 17-1]. A copy of Plaintiffs' April 25, 2022 letter to Defendant, and the accompanying subpoena seeking answers to "Asset Interrogatories," are attached to the instant motion as Exhibit "B." *See id.*; *see also* ECF No. 17-4 at 3–11. A copy of the certified mail receipt executed by Defendant is attached as Exhibit "C." *See* ECF No. 17-4 at 12–13. Plaintiffs contend that Defendant failed to respond to the information subpoena and now move for an Order compelling Defendant to provide answers. *See id.* ¶ 6–8.

## II.     DISCUSSION

As the Supreme Court has noted, the "rules governing discovery in postjudgment execution proceedings are quite permissive." *Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134, 138 (2014).  Pursuant to Federal Rule of Civil Procedure 69(a)(2), in aid of the judgment or execution, a judgment creditor "may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." *See generally* 12 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3014 (3d ed.) ("A judgment creditor may use the discovery devices provided in [the federal rules] or may obtain discovery in the manner provided by the practice of the state in which the district court is held."); *see, e.g.*, *United States v. Chazen*, No. 08-2314, 2019 WL 113722 (D.N.J. Jan. 4, 2019) (granting motion to compel the judgment debtor to appear for a deposition and to provide answers to interrogatories to aid the plaintiff in collection of its judgment).

"The general rule in the federal system is that, subject to the district court's discretion, '[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.'" *Republic of Argentina*, 573 U.S. at 139 (quoting FED. R. CIV. P. 26(b)(1)). Since the federal rules do not provide a specific formula for obtaining postjudgment discovery, district courts look to state law for procedural guidance. *See* FED. R. CIV. P. 69(a)(1).  To obtain postjudgment discovery under New Jersey law,

> the judgment creditor . . . may examine any person, including the judgment debtor, by proceeding as provided by these rules for the taking of depositions or . . . may proceed as provided by [Rule] 6:7-2, except that service of an order for discovery or an information subpoena shall be made as prescribed by [Rule] 1:5-2 for service on a party.  The court may make any appropriate order in aid of execution.

N.J. CT. R. 4:59-1(f).  "An information subpoena may be served upon the judgment debtor, without leave of court, accompanied by an original and copy of written questions and a prepaid, addressed

3

return envelope." N.J. C<small>T</small>. R. 6:7-2(b)(1).  The information subpoena and written questions must conform with and be limited to those set forth in Appendix XI–L to the New Jersey Court Rules. *See id.*  Lastly, service of the subpoena shall be made personally, "as provided by [Rule] 4:4-4[,] or by registered or certified mail, return receipt requested, and simultaneously by ordinary mail to the party's last known address." *See* N.J. C<small>T</small>. R. 1:5-2, 4:4-4; *see also Consolidated Rail Corp. v. Alliance Shippers, Inc.*, No. 93-1327, 2015 WL 3658848 (D.N.J. June 12, 2015) (denying motion to compel, in part, due to the judgment creditor's failure to comply with New Jersey law governing service of an information subpoena seeking postjudgment discovery).  The original subpoena, with answers to the written questions annexed thereto, must be returned to the judgment creditor within fourteen (14) days of service thereof. *See* N.J. C<small>T</small>. R. 6:7-2(b)(1).

Here, the Court will grant Plaintiffs' motion to compel and Order that Defendant provide answers to the interrogatories attached to Plaintiffs' information subpoena.  The subpoena was properly served on Defendant, and it seeks permissible postjudgment discovery under state and federal law. *See* F<small>ED</small>. R. C<small>IV</small>. P. 69(a)(2); N.J. C<small>T</small>. R. 4:59-1(f).  Plaintiffs served the subpoena on Defendant by regular and certified mail consistent with New Jersey law.  The interrogatories attached to the subpoena also correspond in style and substance with those set forth in Appendix XI–L to the New Jersey Court Rules. *See* N.J. C<small>T</small>. R. 1:5-2; 4:59-1(f); 6:7-2(b)(1).  Accordingly, the Court finds Plaintiffs have established that they properly served the subpoena on Defendant and that the interrogatories attached thereto seek permissible postjudgment discovery under New Jersey law.  The Court also notes that Plaintiffs' motion is unopposed, since Defendant failed to timely object to it and has otherwise failed to enter an appearance in the case.  Therefore, the Court will grant the motion and enter an Order compelling Defendant to promptly respond to Plaintiffs' information subpoena.

### III.     CONCLUSION

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **8th** day of **July**, **2022**, that Plaintiffs' Motion to Compel Discovery [ECF No. 17] is **GRANTED**; and it is further

**ORDERED** that Defendant Kims Mechanical, L.L.C. shall provide answers to Plaintiffs' Information Subpoena no later than **July 29, 2022**; and it is further

**ORDERED** that Defendant Kims Mechanical, L.L.C. may be subject to sanctions if it fails to timely respond to the Information Subpoena or otherwise refuses to comply with this Order; and it is further

**ORDERED** that Plaintiffs shall use all reasonable means to assure that Defendant Kims Mechanical, L.L.C. is served with this Order.

s/ Sharon A. King<br>
SHARON A. KING<br>
United States Magistrate Judge

cc:  Hon. Noel L. Hillman, U.S.D.J.